ADA FLORENCE VAN NESS, Plaintiff, *v.* ANSON W. VAN NESS, Defendant.

Supreme Court, New York County, March 13, 1928.

**Husband and wife — alimony — action to recover alimony accrued and unpaid under judgment of divorce and for sequestration of defendant's property — counterclaim that plaintiff wrongfully withholds chattels belonging to defendant and demanding judgment for their possession dismissed — Civil Practice Act, § 266, does not justify such counterclaim.**

In this action to recover alimony accrued and unpaid under a judgment of divorce obtained by the plaintiff in New Jersey and to sequester the defendant's property,

defendant's counterclaim that the plaintiff wrongfully withholds chattels belonging to him and demanding possession or money damages in the event possession cannot be given, must be dismissed, since there is nothing in section 266 of the Civil Practice Act to justify the counterclaim.

Moreover, the defendant's counterclaim does not arise out of the contract or the transaction set forth in the complaint and is not in any way connected with the subject of this action.

MOTION to dismiss counterclaim in action to recover alimony.

McManus, Ernst & Ernst, for the plaintiff.

John G. Snyder, for the defendant.

FRANKENTHALER, J. The action is brought by plaintiff against the defendant, her former husband, to recover alimony accrued and unpaid under a judgment of divorce obtained by plaintiff in New Jersey, and to sequester the defendant's property. The answer contains a counterclaim alleging that plaintiff wrongfully withholds chattels belonging to the defendant and asks judgment for the counterclaim for the possession of the chattels or for damages in the event that possession cannot be given. The counterclaim finds no justification in the provisions of either subdivision of section 266 of the Civil Practice Act. It does not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim and it is not connected with the subject of the action. Subdivision 1 is, therefore, inapplicable. Subdivision 2 applies only to a counterclaim sounding in " contract " and, therefore, does not avail the defendant. The motion to dismiss the counterclaim is accordingly granted. Order signed.